FILED: 4/22/2022 3:49 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 63832548
Reviewed By: Maria Hernandez

CAUSE NO. 220130-C _____

| | | |
|---|---|---|
| WILLIE & KIMBERLY ARMSTRONG<br>*Plaintiffs* | § § § § | IN THE DISTRICT COURT |
| v. | § § § § § | 128th _____ JUDICIAL DISTRICT |
| AMGUARD INSURANCE COMPANY,<br>THE BEST CLAIMS SOLUTIONS, INC.<br>ANND RUSSELL YALOWSKY<br><br>*Defendant* | § § § § § | ORANGE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, WILLIE & KIMBERLY ARMSTRONG (the "Plaintiffs" or "ARMSTRONG") complaining of and against AMGUARD INSURANCE COMPANY ("AMGUARD"), THE BEST CLAIMS SOLUTIONS, INC. AND RUSSELL YALOWSKY and hereby respectfully show unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 1 of Texas Rule Civil Procedure 190.2. In the event that the parties require a more tailored form of discovery, the parties will submit a tailored discovery control plan to the Court, but otherwise ask that all deadlines imposed by Tex. R. Civ. P. 190.2 be followed in this matter.

### II.
### PARTIES

2. Plaintiffs, WILLIE & KIMBERLY ARMSTRONG are individuals, residents of Orange County, Texas, and citizens of the state of Texas.

**EXHIBIT C**

3.  Defendant, AMGUARD INSURANCE COMPANY is a for-profit foreign insurance company doing business in the state of Texas. AMGUARD INSURANCE COMPANY may be served with process by serving its registered agent for service: C T Corporation System, 1999 Bryan Street Suite 900, Dallas, TX 75201.

4.  THEBEST CLAIMS SOLUTIONS, INC. ("THEBEST") is a for-profit, foreign business corporation and engaged as an authorized agent for claims on behalf of insurance companies and performed the investigating and adjusting of the underlying claim in this lawsuit. THEBEST may be served with process by serving their registered agent of service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.  RUSSELL YALOWSKY ("YALOWSKY") is an individual and engaged as an agent for claims on behalf of insurance companies and performed the investigating and adjusting of the underlying claim in this lawsuit. YALOWSKY is domiciled in and a citizen of Texas and may be served with process by serving him at 2511 Hunters Green, San Antonio, Texas 78231.

III.
JURISDICTION AND VENUE

6.  This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

7.  Venue is mandatory and proper in Orange County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

8.  AMGUARD engages in the business of insurance in the State of Texas. The conduct of AMGUARD in the State of Texas includes:

(a) The making and issuing of contracts of insurance with the Plaintiffs;

(b) The taking and receiving the application of insurance for insurance from the Plaintiffs;

(c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

(d) The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

9. Pursuant to Tex. R. Civ. P. 47, Plaintiffs plead that the amount in controversy is under $250,000, <u>excluding</u> interest, statutory or punitive damages and penalties, and attorney's fees and costs. *See* Tex. R. Civ. P. 47(c)(1).

## IV.
## CONDITIONS PRECEDENT

9. All conditions precedent to recovery have been performed, waived, or have occurred.

## V.
## JUDICIAL NOTICE

10. Plaintiffs request this Court take judicial notice of Title 28 of the Texas Administrative Code, specifically 28 T.A.C. §21.201 et seq. relating to "Unfair Claims Settlement Practices Rules" including 28 T.A.C. §21.203 through §21.205. *See* Tex. R. Evid. 204(b)(2).

11. Plaintiffs request this Court take judicial notice of 28 T.A.C. §5.997(a), (d)-(e), which incorporates the Texas Department of Insurance's "Consumer Bill of Rights" for homeowners, dwelling, and renter's insurance. *See* Tex. R. Evid. 204(b)(2).

## VI.
## AGENCY: ACTUAL/APPARENT AUTHORITY

12. At all times relevant hereto, THEBEST and YALOWSKY were acting as agents of AMGUARD with actual or apparent authority and within the course and scope of their agency relationship.

## VI.
## FACTS

A. The Policy.

13. AMGUARD sold Plaintiffs a homeowner's insurance policy, policy number WIHO120856 (hereinafter referred to as the "policy"). The policy in question contains coverage for damages sustained to Hurricane Laura on August 27, 2020. During the underwriting process, AMGUARD determined that the risk was acceptable without any modifications, alterations, or changes to the property.

14. The insuring agreement required the Plaintiffs to make payments to AMGUARD and in exchange the insurance company would indemnify the Plaintiffs in the event of a covered loss. Plaintiffs faithfully paid the required premium, and the relevant policies are currently in full effect, providing property, personal property, loss of use, and other coverages.

15. Plaintiffs reasonably expected that the policy they purchased from AMGUARD included coverage for hurricane damage including coverage for their dwelling, other structures, personal property, debris removal, and loss of use of the property.

B. Hurricane Laura and Delta

16. Hurricane Laura reached Category 4 status with wind speeds of 150 MPH and gust of 185 MPH as landfall was made around 1:00 AM on August 27, 2020 near Cameron, Louisiana. Hurricane Laura maintained 140 MPH wind speed with gust of 185 MPH as it passed just east of

Hackberry, Louisiana. Laura maintained Category 4 status until passing Dequincy, Louisiana. Hurricane Laura maintained Level 1 status until passing Jonesboro, LA.

17. The property in question is less than 70 from passage of the eye center. Hurricane force winds extended out from the eye sixty miles. The property in question sustained hurricane-forced winds, including gusts in excess of sustained winds, from the only Category 4 hurricane to make landfall in Louisiana.

18. Because of the severity of Hurricane Laura, the Plaintiffs were under mandatory evacuation beginning on August 25 and extending until August 28, 2020.

19. On or about August 27, 2020, Plaintiffs' property sustained damages from Hurricane Laura. Plaintiffs were forced to evacuate, and upon their return, they discovered wind damage to her home, including the roof, exterior, framing of the home, and significant interior damages including the kids' bedrooms, master bedroom, living room, dining room, hallways, and laundry room.

20. On or about October 9, 2020, Plaintiffs' property was further damaged by Hurricane Delta.

    C. The Insurance Claim

21. Plaintiffs filed a claim with their insurance company, AMGUARD, for the damages to their property caused by Hurricane Laura and Delta. Plaintiffs asked that AMGUARD cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

22. AMGUARD outsourced its investigative duties, claims handling, and coverage decisions to THEBEST. THEBEST assigned YALOWSKY to inspect the claim. YALOWSKY inspected the property on September 12, 2020. The inspection failed to identify most of the damage to the roofing system and excluded all other damages to the interior, exterior, and framing of the home.

23. The damages found by Mr. Yalowsky's was an and inadequate inspection did not exceed the Plaintiffs' deductible.

24. On October 15, 2020, in response to Plaintiffs' notice to AMGUARD of the Hurricane Delta claim, AMGUARD hired HAAG Engineering to inspect Plaintiffs' home. Even though HAAG Engineering found in their report that many of the damages to Plaintiffs' home were storm related, AMGUARD used the report to deny Plaintiffs' claim.

25. An independent assessment of the damage concluded that the damages to the property were in excess of the amount paid by the Defendant. Significant dates in the claims handling are described in the table below:

| Date | Activity |
| --- | --- |
| August 25, 2020 | Mandatory Evacuation order issued for Orange County, Texas. |
| August 27, 2020 | Hurricane Laura makes landfall. |
| August 28, 2020 | Mandatory Evacuation order lifted. |
| September 12, 2020 | Russell Yalowsky inspects the property. Plaintiffs demonstrate all areas of damage |
| September 14, 2020 | Insurer completes damage estimate. As mentioned above, the damages identified in Mr. Yalowsky's inadequate inspection do not exceed Plaintiffs' deductible. No payments are issued |
| October 15, 2020 | HAAG Engineering inspects the foundation on behalf of Insurer |
| October 9, 2020 | Hurricane Delta further damages Plaintiffs' home |
| October 18, 2020 | Insurer reviews HAAG Engineering's report and denies Plaintiffs' claim, despite the report identifying storm related damages that were missed in the initial inspection |
| October 21, 2020 | Insurer sends letter notifying Plaintiffs that in order to renew their policy they must repair the damages to their home. The damages identified in their letter are storm related |
| December 9, 2020 | Don Foreman with Gulf Coast Property Consumer Advocates inspects Plaintiffs' property on behalf of Plaintiffs. Mr. Foreman finds that the damage to the foundation was, in fact, storm related |
| February 22, 2021 | Undersigned counsel sends Notice Letter to AMGUARD |
| April 24, 2021 | AMGUARD issues notice of nonrenewal |

26. AMGUARD, THEBEST and YALOWSKY failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in an improper denial of part of Plaintiffs' claim. Defendant's unreasonable investigation resulted in an improper denial of a valid claim and underpayment of proceeds due under the policy. As a result of Defendant's unreasonable investigation and handling of the claim, AMGUARD failed to pay all proceeds due under the policy and as a result, Plaintiffs were unable to complete all the repairs caused by the hurricanes resulting in the property damage to worsen and for AMGUARD to cancel the insurance coverage.

27. To date, AMGUARD continues to deny coverage for a valid claim and continues to deny payment for proceeds due under the policy. As such, Plaintiffs' claim remains unpaid, and Plaintiffs has not been able to properly repair the Property.

28. AMGUARD failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. AMGUARD'S conduct constitutes a breach of the insurance contract between AMGUARD and Plaintiffs.

29. AMGUARD, THEBEST and YALOWSKY misrepresented to Plaintiffs that the damages sustained by Hurricane Laura did not meet the policy's deductible. AMGUARD'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practice. TEX. INS. CODE §541.060 (a) (1).

30. AMGUARD failed to attempt to settle Plaintiffs' claim in a fair and equitable manner, although AMGUARD'S liability to pay Plaintiffs was reasonably clear under the Policy at the time

it inspected the property. AMGUARD'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

31. AMGUARD refused to fully compensate Plaintiffs under the terms of the Policy, even though they failed to conduct a reasonable investigation. Specifically, AMGUARD, THEBEST and YALOWSKY performed an outcome-oriented investigation by ignoring evidence supporting coverage. AMGUARD, THEBEST and YALOWSKY 'S unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses and resulted in further damage to Plaintiffs' property. AMGUARD, THEBEST and YALOWSKY'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

32. AMGUARD failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim, and timely making payments. AMGUARD'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

## VIII.
## CAUSES OF ACTION

### COUNT 1: AMGUARD breached its contract with Insured.

33. Plaintiffs incorporate by reference the above paragraphs as if stated herein more fully.

34. To prevail on a valid breach of contract claim, a Plaintiffs must prove that 1) there was a valid contract; 2) that Plaintiffs has performed her obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) Plaintiffs has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

35. At the time Hurricane Laura damaged Plaintiffs' property, Plaintiffs had in place a policy issued by AMGUARD. Defendant does not dispute that a valid contract was in place.

36. Plaintiffs' premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiffs fulfilled their obligations under the policy, and more specifically, executed their duties under the contract after the loss.

37. AMGUARD wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to conduct a reasonable investigation and timely pay Plaintiffs the full benefits owed after a covered loss. AMGUARD is therefore in breach of the contract of insurance issued to Plaintiffs.

38. AMGUARD'S conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

COUNT 2: AMGUARD, THEBEST and YALOWSKY violated the Deceptive Trade Practice Act.

39. Plaintiffs incorporate by reference the above paragraphs as if stated more fully herein.

40. Plaintiffs are a "consumer" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from AMGUARD, THEBEST and YALOWSKY. AMGUARD, THEBEST and YALOWSKY violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

41. The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

    a. Committing false, misleading, or deceptive acts or practices as defined by §17.46(b); and

    b.    Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

42.    The acts and omissions of Defendants were a producing cause of the Plaintiffs' damages.

43.    Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

44.    Plaintiffs gave Defendant notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

### COUNT 3: AMGUARD, THEBEST AND YALOWSKY violated §541 et seq. Texas Insurance Code.

45.    Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

46.    AMGUARD, THEBEST AND YALOWSKY violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violation of:

    (a)    Tex. Ins. Code §541.051;

    (b)    Tex. Ins. Code §541.052;

    (c)    Tex. Ins. Code §541.059;

    (d)    engaging in unfair settlement practices by:

        (i)    misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

        (ii)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

      (iii)    failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

      (iv)    failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

      (v)    refusing to pay a claim without conducting a reasonable investigation of the claim TEX. INS. CODE §541.060(a)(7).

(e)    misrepresenting Plaintiffs' insurance policy by:

      (i)    making an untrue statement of material fact TEX. INS. CODE §541.061(1);

      (ii)    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made TEX. INS. CODE §541.061(2); and

      (iii)    making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact TEX. INS. CODE §541.061(2); and

(f)    §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

47. Defendant's conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

48. Plaintiffs gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

49. Defendant's conduct described above was a producing cause of Plaintiffs' damages.

      COUNT 4: AMGUARD violated the Texas Prompt Payment of Claims Act

50. Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

51. AMGUARD violated the Texas Insurance Code §§ 542.051 et seq. and 542A.001 et seq. because it failed to do the following within the statutorily mandated time of receiving all necessary information:

(1) Failing to timely acknowledge the Plaintiffs' claim;

(2) Failing to commence an investigation of Plaintiffs' claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

(4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

(5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

(6) Failing to pay Plaintiffs' claim or portions of the claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

52. AMGUARD violated the Texas Insurance Code section 542 by:

(1) Knowingly misrepresented to the Plaintiffs pertinent facts or policy provisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to affect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiffs to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiffs.

53. Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiffs request damages under Texas Insurance Code section 542.060.

COUNT 5: AMGUARD breached its duty of good faith and fair dealing.

54. Plaintiffs reincorporate by reference the above paragraphs as if stated more fully herein.

55. AMGUARD owed Plaintiffs a duty of good faith and fair dealing including the duty to pay covered claims when liability is reasonably clear. AMGUARD breached this duty when it

conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiffs' claim was covered. Defendant further breached this duty by retaliating against the Plaintiffs by cancelling Plaintiffs' insurance renewal. Defendant's breach of this duty was a proximate cause of Plaintiffs' damages.

### COUNT 6: Misrepresentation

8. Plaintiffs reincorporate by reference the above paragraphs as if stated more fully herein.

9. AMGUARD made various representations to the Plaintiff regarding their claim, including material representations regarding the extent of damages sustained to Plaintiffs' home, material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false. At the time AMGUARD made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiffs act on them by not further pursuing claim or thinking there was no other money to recover. Plaintiffs relied on the representations, and this caused injury.

10. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of AMGUARD constitute constructive fraud.

### IX.
### AMBIGUITY

56. The policy in place at the time of the date of loss, policy number WIHO120856 contained patent and latent ambiguities concerning the terms of the policy governing the Insureds' duties after loss.

### X.

## WAIVER AND ESTOPPEL

57. AMGUARD has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## XI.
## DAMAGES

58. As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages all of which they are entitled to recover. Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together with reasonable attorney's fees. Plaintiffs are also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiffs' mental anguish.

59. Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs are also entitled to recover treble damages because Defendant's conduct was committed knowingly.

60. Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## XII.
## ATTORNEY'S FEES

61. Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney's fees and court costs.

## XIII.
## PRAYER AND JURY DEMAND

62.     For these reasons, Plaintiffs asks that they have judgment against Defendants for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show themselves entitled. Plaintiffs request a trial by jury.

Respectfully Submitted,
THE BRASHER LAW FIRM, PLLC

By: _____
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
1122 Orleans St.
Beaumont, Texas 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for the Plaintiffs*