IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIE ARMSTRONG and KIMBERLY ARMSTRONG, *Plaintiffs*, | § § § § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-234-MAC-CLS |
| AMGUARD INSURANCE COMPANY, *Defendant*. | § § § § | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. #17)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72. Pending before the court is Defendant's Motion for Summary Judgment. (Doc. #17.) After review, the undersigned recommends denying the motion.

**I.     Background**

This case involves a dispute over an insurance policy alleged to cover damages from Hurricanes Laura and Delta. Plaintiffs filed their original petition in state court on April 22, 2022, alleging state claims against Defendant AmGuard Insurance Company ("AmGuard"), including breach of contract, breach of the common law duty of good faith and fair dealing, misrepresentation, and violations of the Texas Insurance Code and the Texas Business & Commerce Code. (Doc. #4 at 8-13.) This case was removed to federal court by Defendant on May 31, 2022, based on diversity jurisdiction. (Doc. #1.)

Defendant filed a Motion for Summary Judgment on March 3, 2023. (Doc. #18.) Plaintiffs responded on March 24, 2023. (Doc. #19.) This matter is now ripe for review.

## II. Legal Standard

Summary judgment should only be granted if the moving party can show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Id.* at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Chambers v. Sears, Roebuck and Co.*, 428 Fed. App'x 400, 407 (5th Cir. 2011) (citing *Duffy v. Leading Edge Products Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)).

Once the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, Inc.*, 477 U.S. at 255. However, the non-movant may not rest on mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Toney v. United States*, 273 Fed. App'x 384, 385-86 (5th Cir. 2008) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248-49). The court must consider all the evidence but refrain from making

any credibility determinations or weighing the evidence. *Lindquist v. City of Pasadena*, 669 F.3d 225, 232-33 (5th Cir. 2012) (quoting *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Hugh Symons Group*, 292 F.3d at 468 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citing *Forsyth*, 19 F.3d at 1537). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 Fed. App'x 839, 843 (5th Cir. 2018) (citation omitted); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992); Fed. R. Civ. P. 56(c)(3) ("[T]he court need consider only the cited materials."). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. Discussion

Defendant seeks summary judgment on all Plaintiffs' claims, which are both contractual and extracontractual.

A. Breach of Contract Claims

To recover under an insurance policy, the insured must establish that the damages are covered by the policy. *Sheffield v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-cv-00471-O-BP, 2018 WL 4076513, at *2 (N.D. Tex. July 3, 2018) (quoting *Emps. Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996)). Here, Plaintiffs' policy does not cover damage caused by wear and tear, differential foundation movement, as-built deficiencies, manual damage, and pre-existing conditions. (Doc. #17-3 at 44.) Plaintiffs, therefore, can only recover for damages due to covered causes of loss. Additionally, under the doctrine of concurrence causes, if the damages are due to both covered and non-covered causes of loss, Plaintiffs must segregate the damage caused by covered causes of loss from the damage caused by non-covered causes of loss in order to recover. *Sheffield*, 2018 WL 4076513, at *2 (citation omitted).

Defendant argues that it is entitled to summary judgment on Plaintiffs' contractual claims because it asserts that either (1) the property damage was not due to a covered cause of loss or (2) Plaintiffs cannot separate the damage that was due to covered causes of loss from the damage that was due to non-covered causes of loss, thus no breach of contract occurred. (Doc. #17 at 1.) Therefore, causation is the central issue before the court in determining whether Defendant is entitled to summary judgment on Plaintiffs' contractual claims.

Defendant argues that Plaintiffs are unable to create a genuine issue of material fact as to breach of contract because Plaintiffs lack evidence to establish causation. According to Defendant, its engineer Berkshire Hathaway Guard Insurance Companies ("Berkshire") inspected Plaintiffs' property and concluded that the damage was due to non-covered causes of loss. (Doc. #17-9 at 8-9.) Subsequent inspections performed by other experts retained by Defendant, including Matthew

4

Oestrike and Randall Taylor, support Berkshire's conclusions on causation. (Docs. #17-14 at 2-7, #17-16 at 2-5.) Defendant asserts that opinions of their experts on causation are "unchallenged and undisputed by Plaintiffs as there is no other engineer designated in this matter." (Doc. #17 at 7.)

As discussed in their response, however, Plaintiffs have designated Don Foreman as an expert in this case, and Plaintiffs contend that Foreman's expert report and testimony is sufficient to create a genuine issue of material fact as to causation. (Doc. #20 at ¶ 12.) Foreman is employed by Gulf Coast Property Damage Consumer Advocates ("Gulf Coast") as a general contractor, construction consultant, appraiser, and umpire (doc. #20-9), and his expert report "outlines the wind, wind-debris, and interior water damages" to Plaintiffs' property that he opines were the result of covered causes of loss (doc. #20-10.) Defendant has not challenged Foreman's qualifications as an expert or the admissibility of his expert report under Rule 702 of the Federal Rules of Evidence, nor has Defendant asserted in its motion that Foreman's expert report and testimony are not competent summary judgment evidence.

Courts have held that this type of expert testimony is sufficient to create a genuine issue of material fact as to causation in Texas insurance coverage cases. *See, e.g.*, *Nasti v. State Farm Lloyds*, No. 4:13-CV-1413, 2015 WL 150468, at *3 (S.D. Tex. Jan. 9, 2015) ("[The Plaintiff's] breach of contract claim is supported by sufficient summary judgment evidence in the form of [his expert adjuster's] report and photographs."); *Garcia v. State Farm Lloyds*, No. 3:21-CV-1220-D, 2022 WL 4349547, at *3 (N.D. Tex. Sept. 19, 2022) (finding that the plaintiff had produced sufficient evidence to create a genuine issue of material fact by relying on his retained causation expert who concluded, after inspecting the property, the wind and hail caused the damage); *cf. State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009) ("Any appraisal necessarily

includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else."); *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, 561 S.W.3d 263, 277-78 (Tex. App.–Houston 2003, pet. denied) (indicating that, although the appraisal award alone was not sufficient to establish causation in the plaintiff's favor as a matter of law on plaintiff's summary judgment motion, appraisal is sufficient to create a genuine issue of fact as to causation). Accordingly, the undersigned finds that Plaintiffs have met their burden of demonstrating there is a genuine issue of fact as to whether the property damage was due to covered causes of loss.

Moreover, as Foreman's report consists of an estimate of *covered* damages (doc. #20 at ¶ 17), Foreman's report has segregated the damages by cause of loss, thereby satisfying Plaintiffs' burden on summary judgment to differentiate between covered and non-covered damages under the concurrent causation doctrine. *See Nasti*, 2015 WL 150468, at *4 (finding that the plaintiff's expert report raised a genuine issue of fact as to the extent of the covered versus non-covered damage by basing the entire estimate on *covered* damages, as the plaintiff was not required to "'parcel out' covered and non-covered damage" using "precise percentages" for purposes of summary judgment).

Thus, Defendant is not entitled to summary judgment on Plaintiffs' contractual claims.

B. Extracontractual Claims

Defendant additionally seeks summary judgment on Plaintiffs' extracontractual claims because (1) no breach of contract occurred and Plaintiffs cannot establish an independent injury to support their extracontractual claims, and (2) a bona fide controversy exists.

As discussed *supra* § III.A, Plaintiffs have raised a genuine issue of material fact as to their contractual claims, thus Defendant is not entitled to summary judgment on Plaintiffs'

extracontractual claims on that basis, and the undersigned need not make a finding as to whether Plaintiffs can establish an independent injury. The undersigned now turns to the question of whether Defendant is entitled to summary judgment on Plaintiffs' extracontractual claims on the ground that a bona fide controversy exists.

To sustain their extracontractual claims,[1] Plaintiffs must establish "the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have know[n], that there was no reasonable basis for denying or delaying payment of the claim." *Watson*, 56 F. Supp. 2d at 736 (internal quotation omitted) (citing *Higginbotham*, 103 F.3d at 459; *Arnold v. National Cnty Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Thus, Plaintiffs' extracontractual claims turn on whether Defendant had a reasonable basis to deny their insurance claims for the damage to their property sustained from Hurricanes Laura and Delta. Importantly, "[a] bona fide controversy concerning an insurer's liability is sufficient reason for an insurer to fail to pay a claimant and will not rise to the level of bad faith." *Estrada v. State Farm Mut. Auto. Ins. Co.*, 897 F. Supp. 321, 323 (E.D. Tex. 1995) (citations omitted). Courts are particularly likely to find such a bona fide controversy exists when the controversy concerning liability of the insurer is sparked by reliance on expert reports. *Id.* (citing *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993)).

Here, Defendant asserts that "the undisputed evidence shows that [Defendant] promptly investigated Plaintiffs' claim" and concluded based on its engineer's evaluation of the damages that it was not liable to Plaintiffs for those damages. (Doc. #17 at 18.) Thus, "[t]his is the essence

---

[1] Plaintiffs have asserted extracontractual claims for common law bad faith, violations of Chapter 541 of the Texas Insurance Code, and violations of the Texas Business and Commerce Code (DTPA). (Doc. #4 at 9-13.) "Under Texas Law, extracontractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as bad faith causes of action." *Watson v. State Farm Lloyds*, 56 F. Supp. 2d 734, 736 (N.D. Tex. 1999) (internal quotation omitted) (citing *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)).

of a *bona fide* dispute, and it should prevent [Plaintiffs'] recovery on the extra-contractual claims." (Doc. #17 at 18.) Defendant argues that Plaintiffs cannot demonstrate a genuine issue of material fact on this issue because Plaintiffs "have never involved an engineer or controverted AmGuard's engineers' findings" and, while Plaintiffs "contend that AmGuard should have done something more or different to investigate the claims, they never say what." (Doc. #17 at 18.)

As discussed *supra* § III.A, while Plaintiffs have not retained an engineer specifically, Plaintiffs have designated other relevant experts in this suit, including Don Foreman to evaluate the covered damages to Plaintiffs' property. Although Defendant argues it denied Plaintiffs' insurance claims based on the findings of its engineer, "an insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *Pek v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:18-cv-00259-ALM-KPJ, 2019 WL 2754677, at *3 (E.D. Tex. Apr. 22, 2019) (citing *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998)). Plaintiffs can, therefore, demonstrate there is a genuine issue of fact on this issue if there is evidence that reports prepared by Defendant's engineers were "not objectively prepared or [Defendant's] reliance on the report[s] was unreasonable." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997) (citations omitted).

Here, Plaintiffs argue that, given the stark differences between Foreman's findings of covered damage compared to Defendant's engineers' findings[2] and alleged biases from those engineering companies (doc. #20 at ¶ 27), a reasonable jury could find that the reports from Defendant's engineers were not objectively prepared and relying on those reports was unreasonable. Thus, Plaintiffs argue there is a genuine issue of fact as to whether Defendant's

---

[2] Plaintiffs also argue that the report of the claims handling expert, Phil Spotts, is evidence of Defendant's bad faith in handling Plaintiffs' insurance claims. However, for the reasons discussed in the undersigned's Order on Defendant's Motion to Exclude, issued on the same date as this Report and Recommendation, Phil Spotts' report is not admissible under Rule 702, thus his report is not competent summary judgment evidence.

denial of Plaintiffs' claim was, in actuality, based on bona fide dispute as Defendant contends. Resolving all reasonable inferences in Plaintiffs' favor, the undersigned finds that Plaintiffs have demonstrated a genuine issue of material fact as to whether a bona fide dispute exists. *See, e.g.*, *Pek*, 2019 WL 2754677, at *4 ("Plaintiffs have plead (sic) facts which, taken in the light most favorable to Plaintiffs, suggest the adjusters were, at the very least, sloppy, and at the most, inaccurate."). Defendant is not entitled to summary judgment on Plaintiffs' extracontractual claims.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends denying Defendant's Motion for Summary Judgment (doc. #17).

## V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 14th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE